UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MELVIN N. CHANDLER                                                                                    PLAINTIFF

V.                                                                      CIVIL ACTION NO. 3:14-cv-603-CWR-FKB

CHRISTOPHER EPPS, ET AL.                                                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on the Motion for Summary Judgment [35] filed by Defendants Marshall Fisher[1], Dr. Gloria Perry, Kimberly Hughes, Warden Edie Winkel, Letresia Stewart, and Paxton Paige (collectively, "MDOC Defendants"), and on the Motion for Summary Judgment [46] filed by Defendants Wexford Health Sources, Inc., Dr. Rolando Abangan, and Joyce Dempsey (collectively, "Wexford Defendants"). Also before the court is the Motion to Dismiss [50] Defendant's Motion for Summary Judgment filed by Plaintiff Melvin N. Chandler. Having considered the entire record in this matter, the court finds that defendants' motions are well-taken and should be granted and that Plaintiff's motion is not well-taken and should be dismissed.

**I. Background**

Chandler is an inmate in the custody of the Mississippi Department of Corrections ("MDOC"), housed at Central Mississippi Correctional Facility ("CMCF"), who is proceeding

---

[1] At the omnibus hearing, Plaintiff moved to dismiss former MDOC Commissioner Christopher Epps and to substitute the current MDOC Commissioner. At the time of the hearing, Rick McCarty served as MDOC Interim Commissioner. At the time of entry of the omnibus order, however, the court substituted Marshall Fisher as defendant, as he had been appointed MDOC Commissioner. [35] at 2. Thus, although the MDOC Defendants' motion incorrectly identifies Rick McCarty as a defendant/movant, the proper defendant is Marshall Fisher.

1

*pro se* in this litigation.[2] Plaintiff filed this lawsuit, alleging violations of his constitutional rights under 42 U.S.C. § 1983. The court held an omnibus or *Spears* hearing in this matter on December 18, 2014, at which Plaintiff was afforded the opportunity to fully explain his claim.[3] Thereafter, the court determined that Plaintiff's claim, as clarified during the hearing, is that he has been denied medical treatment. [39] at 1. Specifically, Plaintiff alleges that he needs surgery for a torn rotator cuff but that Defendants have refused to allow him to have the procedure. *Id.*

The MDOC Defendants have moved for summary judgment in this case on the following grounds: (1) any claims against the defendants in their official capacities are barred by sovereign immunity; (2) defendants are immune from the suit in their individual capacities under qualified immunity; and (3) Plaintiff has failed to assert any basis to support a claim based on inadequate medical treatment. The Wexford Defendants have moved for summary judgment, arguing that Wexford Health Services, Inc., cannot be liable for alleged actions of its employees under §1983 and that, based on the treatment records, Plaintiff's claim for inadequate medical treatment against Dr. Abanagan or Dempsey cannot be supported.

## II. Standard of Review

"Summary judgment is appropriate if the moving party can show that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *United States v. Renda Marine, Inc.*, 667 F.3d 651, 655 (5th Cir. 2012) (quoting Fed. R. Civ. P. 56(a)). "A factual dispute is 'genuine' where a reasonable party would return a verdict for the nonmoving party." *Chiu v. Plano Indep. Sch. Dist.*, 339 F.3d 273, 282 (5th Cir. 2003) (quoting *Lukan v. North Forest Indep. Sch. Dist.*, 183 F.3d 342, 345 (5th Cir. 1999)). When considering a

---

[2] At the time of the filing of the complaint, Plaintiff was housed at South Mississippi Correctional Institute in Leakesville, Mississippi. [1] at 4. On January 28, 2016, Plaintiff was transferred to CMCF in Pearl, Mississippi. [53] at 1.
[3] *See Spears v. McCotter*, 766 F.2d 179, 180 (5th Cir. 1985).

summary judgment motion, a court "must review all facts and evidence in the light most favorable to the non-moving party." *Juino v. Livingston Parish Fire Dist. No. 5*, 717 F.3d 431, 433 (5th Cir. 2013). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003) (citing *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003); *Hugh Symons Group, plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002)). In cases where the defendants have raised the defenses of sovereign immunity and qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise establish a claim, then the defendants[s] [are] entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1995) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)).

The Fifth Circuit Court of Appeals has held that "Section 1983 does not create supervisory or *respondeat superior* liability." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). To the contrary, in order to succeed on a § 1983 claim, "the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F.Supp. 931, 943 (S.D. Tex. 1996). "For purposes of liability, a suit against a public official in his individual capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987). Therefore, such an official "may be liable only for implementing a policy that is 'itself [] a repudiation of constitutional rights' and 'the moving force of the constitutional violation.'" *Oliver*, 276 F.3d at 742 (quoting *Grandstaff v. City of Borger*, 767 F.2d 161, 169-70 (5th Cir. 1985)).

### III.  Discussion

The MDOC Defendants first argue that the Eleventh Amendment to the United States Constitution bars any claims against them in their official capacities and that qualified immunity bars any claims against them in their individual capacities.  In his complaint and throughout this case, Plaintiff has not identified whether he is suing each MDOC defendant in their official capacity, in their individual capacity, or both.  The Wexford Defendants argue that *respondeat superior* cannot create liability in this § 1983 action and that Plaintiff has put forth no evidence that would support a claim for inadequate medical treatment.

### A. Official Capacity Claims Against MDOC Defendants

Chandler brought his claims pursuant to Section 1983 of Title 42 of the United States Code, which provides that any person acting under color of law who deprives the constitutional rights of another shall be liable to that party.  42 U.S.C. § 1983.  The state itself, however, "is not amenable to suit under this statute, because 'a State is not a person within the meaning of § 1983.'"  *Williams v. Mississippi Dept. of Corrections*, No. 3:12-cv-259-CWR-FKB, 2012 WL 2052101 at *1 (S.D. Miss. June 6, 2012) (quoting *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989)).  Further, "[t]he Eleventh Amendment grants a state immunity from suit in federal court by . . . its own citizens."  *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 616 (2002).  The immunity extends to state agencies considered to be "arms of the state," as well as state employees acting in their official capacity.  *Will*, 491 U.S. at 70-71.  It is well-established that "MDOC is considered an arm of the State of Mississippi."  *Williams*, 2012 WL 2052101 at *1 (citations omitted).

Because they are not considered "persons" for purposes of § 1983, the MDOC Defendants are entitled to summary judgment with respect to claims against them in their official capacities.

### B. Claims Against Wexford Health Sources, Inc.

Defendant Wexford Health Sources, Inc., provides health care services for inmates at CMCF pursuant to a contract with MDOC. Chandler makes no specific claims against Wexford Health Sources, Inc., and apparently seeks to impose liability based solely on the actions of its employees, Dr. Abanagan and Dempsey. As stated *supra*, claims based on *respondeat superior* are not proper under Section 1983. Therefore, summary judgment in favor of Defendant Wexford Health Sources, Inc., is appropriate.[4]

### C. Medical Care Claims

Chandler claims that he has been denied medical attention in that the Defendants have refused to allow Plaintiff to have surgery to repair a torn rotator cuff. Defendants, however, argue that Plaintiff has failed to establish that a genuine issue of material fact exists as to whether Defendants failed to provide adequate medical care. In support of their argument, Defendants present evidence that Chandler did, in fact, receive treatment for his shoulder when requested.

"In the context of medical care, a prison official violates the Eighth Amendment when he acts with deliberate indifference to a prisoner's serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F. 3d 752, 754 (5th Cir. 2001). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F. 3d 339, 346 (5th Cir. 2006). "A showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar

---

[4]Similarly, although they do not raise the argument in their motion, the MDOC Defendants are entitled to summary judgment on any claims against them solely based on *respondeat superior*.

conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* (quotations omitted). Simple "[n]egligent conduct by prison officials does not rise to the level of a constitutional violation." *Carrothers v. Kelly*, Civil Action No. 4:05-cv-80-M-A, 2007 WL 1810666, *3 (N.D. Miss. June 19, 2007) (citation omitted). A prisoner is not entitled to the "best" medical treatment. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978). Further, "[a] prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs." *Id.* (citations omitted); *see also Norton v. Dimazano*, 122 F.3d 286, 292 (5th Cir. 2001).

According to Plaintiff's MDOC housing history, he was processed into CMCF on May 11, 2012. [28-2] at 1. During an intake screening that day, Plaintiff "report[ed] torn ligaments in both shoulders." [31] at 7. After filing a request for medical attention on May 18, 2012, Plaintiff was seen on May 22, 2012. [31-1] at 1. During that visit, Plaintiff stated that he tore ligaments in both shoulders during an arrest on April 1, 2011, and that MRI's taken at Central Mississippi Medical Center confirmed the tears. *Id.* Plaintiff further stated that the medical providers there "did not do any surgery for it." *Id.* As a result of these complaints, MDOC referred Plaintiff to Southern Bone & Joint Specialists, P.A., where he was seen by Dr. Michael J. Stonnington, M.D., several times during October and November of 2012. *See generally* [31-1]. There, MRI's were taken of both of Plaintiff's shoulders. *Id.* at 4. Based on his diagnosis of Plaintiff's shoulder injuries as "small partial tears," Dr. Stonnington did not recommend surgery, but rather, gave Plaintiff injections in both shoulders and a pamphlet regarding rotator cuff strengthening exercises. *Id.* at 5.

After the treatment by Dr. Stonnington, Chandler later made other sick call complaints, some related to pain in his shoulders. Throughout Chandler's extensive MDOC medical records, which total 443 pages, it is clearly evident that Chandler was seen and treated for any symptoms whenever he complained, regardless of the ailment of which Chandler complained and including those times that he complained about his shoulders.[5]

The record before the court shows that Plaintiff received regular medical care and contains no evidence that any defendant ever refused to treat Plaintiff. Further, even assuming that Chandler's shoulder pain constitutes a "serious medical need," He has failed to establish that any defendant was deliberately indifferent to that need. Plaintiff has submitted no evidence that would support his claim, other than his own assessment of his need for shoulder surgery and unsupported allegation that an individual identified only as "Dr. Dare," from Vicksburg, Mississippi, recommended surgery before Plaintiff was bound to the custody of MDOC. Even if Chandler could show that another doctor recommended surgery for his shoulder injuries, Plaintiff still has not met his burden of showing a deliberate indifference on the part of these defendants. Because there is no genuine issue of material fact before the court as to Plaintiff's

---

[5] Plaintiff's medical records, submitted by Defendants, indicate that Plaintiff was seen by prison medical staff on the following dates: May 11, 2012; May 14, 2012; May 15, 2012; May 16, 2012; May 22, 2012; May 24, 2012; May 25, 2012; June 16, 2012; June 22, 2012; June 27, 2012; July 2, 2012; July 5, 2012; July 12, 2012; July 18, 2012; July 19, 2012; August 6, 2012; August 8, 2012; August 12, 2012; August 22, 2012; August 26, 2012; August 31, 2012; September 4, 2012; September 5, 2012; September 10, 2012; October 11, 2012; October 17, 2012; October 26, 2012; October 30, 2012; November 1, 2012; November 2, 2012; November 5, 2012; November 17, 2012; November 19, 2012; November 29, 2012; November 30, 2012; December 1, 2012; December 11, 2012; February 22, 2013; February 25, 2013; February 26, 2013; February 28, 2013; March 25, 2013; March 26, 2013; April 1, 2013; April 2, 2013; April 29, 2013; May 3, 2013; May 30, 2013; June 4, 2013; June 18, 2013; July 15, 2013; July 18, 2013; July 19, 2013; July 23, 2013; July 24, 2013; July 29, 2013; August 2, 2013; August 5, 2013; August 6, 2013; August 8, 2013; August 14, 2013; August 20, 2013; August 28, 2013; September 4, 2013; September 8, 2013; September 10, 2013; September 16, 2013; October 15, 2013; October 16, 2013; October 28, 2013; November 5, 2013; November 14, 2013; December 9, 2013; December 10, 2013; January 2, 2014; January 3, 2014; January 16, 2014; February 4, 2014; February 26, 2014; March 14, 2014; March 17, 2014; March 18, 2014; March 24, 2014; April 14, 2014; May 8, 2014; May 9, 2014; May 14, 2014; May 28, 2014; June 2, 2014; June 20, 2014; June 22, 2014; June 23, 2014; June 29, 2014; July 22, 2014; July 26, 2014; August 7, 2014; August 10, 2014; September 5, 2014; September 9, 2014; September 11, 2014; September 14, 2014; September 17, 2014; September 28, 2014; October 2, 2014; October 15, 2014; and October 16, 2014. *See* [31]. These dates include records of visits and do not include records of documentation of lab reports, consultation reports, or administration of medication.

Eighth Amendment claims, both the MDOC Defendants and the Wexford Defendants are entitled to summary judgment.

### D. Plaintiff's Motion

On September 15, 2015, Plaintiff filed a motion [50] seeking to strike the motion for summary judgment filed by the Wexford Defendants, arguing that the motion was untimely.

The court's omnibus order set the deadline for filing dispositive motions as July 24, 2015. [35] at 2. However, on July 22, 2015, the Wexford Defendants filed a motion to extend the deadline. *See* [38]. With no response filed by Plaintiff, the court granted the motion by text order on August 26, 2015, extending the motions deadline to September 11, 2015. Dkt. at 8/26/2015. The Wexford Defendants' motion for summary judgment was filed on August 26, 2015, in advance of the extended deadline. Accordingly, Plaintiff's motion is denied.

### IV. Conclusion

Based on the foregoing, the Court finds that the defendants are entitled to summary judgment as to all of Plaintiff's claims. The Motion for Summary Judgment [35] filed by the MDOC Defendants and the Motion for Summary Judgment [46] filed by the Wexford Defendants are granted. In accordance with Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered. Further, Plaintiff's Motion to Dismiss [50] is denied.

**SO ORDERED**, this the 25th day of March, 2016.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

8